Law Library / Compiler of Law

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

vs.

TONY BOAZ,

Defendant.

)
)
)
)
)
)
)
)
)

FILED
SUPERIOR COURT
OF GUAM

2009 MAY 15 PM 5: 22

**CRIMINAL CASE NO. CM0745-08**

CLERK OF COURT

BY:

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant's *Ex Parte* Motion to Return Defendant to Department of Mental Health and Substance Abuse, filed March 18, 2009. Oral arguments were heard on March 18, 20, 23, and 26, 2009. Assistant Attorney General Suzanne K. Horrigan appeared on behalf of the Government and Assistant Public Defender Jane L. Kennedy represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On February 17, 2009, the Court found the Defendant incompetent but with a substantial likelihood of regaining competency for criminal proceedings. On February 23, 2009, the Court ordered the Defendant to be transferred from the Department of Corrections ("DOC") to the Department of Mental Health and Substance Abuse ("DMHSA") for rehabilitative treatment pursuant to 9 GCA § 7.43(d).

During his commitment at the DMHSA, the Defendant allegedly made threats, assaults, struck property, activated fire alarms and on one occasion bit a staff member. On March 16 and 17, 2009, the Defendant was allegedly administered the maximum dosage of chemical restraints for the maximum period of 48 hours but to no avail. Any further chemical restraint would have endangered the Defendant's health and violated standards of medical ethics. The DMHSA staff did not believe that the Defendant's actions on March 16 and 17 were a product of his mental illness.

Page 1 of 5

On March 17, 2009, the DMHSA staff contacted the Guam Police Department to physically restrain and arrest the Defendant when he repeated a threat to kill a staff member after 48 hours of chemical restraint. Pursuant to his arrest, the Guam Police Department transported the Defendant back to the DOC. Criminal charges were filed against the Defendant for his behavior at the DMHSA in Criminal Case No. CF0143-09.

On March 18, 2009, the Defendant filed this *Ex Parte* motion to return him to the DMHSA. The Defendant argues that he was removed from the DMHSA without an order of the Court in violation of 9 GCA § 7.43(e) and that the custody of the DOC denies him adequate facilities for mental health rehabilitation in violation of the Eighth Amendment.

The Court heard testimony and oral arguments over the Defendant's motion in four (4) hearings on March 18, 20, 23, and 26, 2009. On March 24, 2009, the Defendant waived his right to a magistrate's hearing for the new charges against him in CF0143-09. However a magistrate's hearing was conducted at the conclusion of the final hearing on the Defendant's motion on March 26, 2009.

In the hearings on the Defendant's motion, the Court heard testimony from both the DMHSA and the DOC that each institution is unable to hold the Defendant in their custody. The DMHSA opposes maintaining custody because: 1) the Defendant threatens the safety of the DMHSA staff and other DMHSA patients; and 2) the DMHSA is not authorized to physically restrain the Defendant or any patient. The DOC is adverse to custody of the Defendant because the DOC recently lost the mental health staff and facilities necessary to properly administer a rehabilitative program for mental health patients.

At the final hearing on March 26, 2009, the parties were ordered to submit proposed orders on the Defendant's motion by March 30, 2009 at 5:00p.m. The Government did not comply with the order and has yet to submit a brief of points and authorities in order to explain why the Defendant's motion should be denied.

## DISCUSSION

Under Guam law, a defendant who is found incompetent to be proceeded against with a substantial likelihood of regaining competence is committed to the Administrator of the Guam Memorial Hospital for custody, care and treatment. *See* 9 GCA § 7.43(d). Within the Guam

Memorial Hospital, the DMHSA is specifically responsible for the custody, care and treatment necessary to restore an incompetent defendant. *See* 10 GCA Chapters 82, 86. When a defendant is found competent by the Court, criminal proceedings can resume and the defendant may apply for his release from the DMHSA pending trial. *See* 9 GCA § 7.43(e). 9 GCA § 7.43(d) and (e) read:

> (d) If the court finds that the defendant is incompetent to be proceeded against or sentenced but that there is a substantial likelihood that he will regain his competency in the foreseeable future, the court shall order him committed to the Administrator of the Guam Memorial Hospital for custody, care and treatment and shall require the Administrator to furnish the court with reports on the defendant's progress at least once every six months.

> (e) Whenever, in the opinion of the Administrator or any officer designated in writing by him, the defendant regains his competency, the Administrator or such officer shall, in writing, certify that fact to the clerk of the court in which the proceedings are pending. Such certification, unless contested by the defendant or the people, shall be sufficient to authorize the court to find the defendant competent and to order the criminal prosecution to continue. If the certification is contested, a hearing before the court shall be held, after notice to the parties, and the party so contesting shall have the burden of proving by a preponderance of the evidence that the defendant remains incompetent.
> Upon a finding of competency, the defendant may apply for his release pending trial in the manner provided by Chapter 40 (commencing with '40.10) of the Criminal Procedure Code.

In this case, it is undisputed that the Defendant was removed from the DMHSA and placed in the DOC without any certification or order finding competence and in violation of 9 GCA § 7.43(e). This violation presents the Court with two issues: 1) whether the DMHSA can contact the police to remove a dangerous defendant without a 9 GCA § 7.43(e) court order; 2) which facility should have custody of a potentially dangerous and incompetent defendant.

**1. The DMHSA may call the Police to Restrain Dangerous Patients**

Guam law does not address whether 9 GCA § 7.43(e) restricts the Guam Memorial Hospital and the DMHSA from removing dangerous patients who remain incompetent.

In this case, DMHSA staff members contacted the police in order to physically restrain the dangerous behavior of the Defendant and to protect the safety of the other DMHSA patients and staff. Although the Defendant was removed from the DMHSA in violation of 9 GCA § 7.43(e), the Court shall not second-guess the DMHSA staff's decision to contact the police. The

Court is not willing to impair the ability of the DMHSA to contact the police in an emergency situation where they believe a dangerous patient must be physically restrained. In the Defendant's situation, where he remains incompetent but must be physically restrained beyond the DMHSA's authority to restrain, the police must remain available to the DMHSA in order to preserve the public safety. For these reasons, it is appropriate for the DMHSA staff to use their discretion to call the police in this case and in the future where an incompetent defendant poses an unrestrained threat to DMHSA patients and staff.

## 2. The Defendant must be Rehabilitated at the DMHSA

Under Guam law, a Defendant who is committed to the DMHSA for rehabilitation pursuant to 9 GCA Chapter 7 must receive treatment until he either regains competence or loses the substantial likelihood of rehabilitation. *See* 9 GCA § 7.43(d)-(f).

As discussed above, the fact remains that the Defendant was removed from the DMHSA without a finding of competence and in violation of 9 GCA § 7.43(e). Although the DMHSA staff believes that the Defendant's behavior was not a product of his mental illness, the Court has not received certification of competence pursuant to 9 GCA § 7.43(e) and the Defendant is presumed to remain incompetent with a substantial likelihood of rehabilitation. The Defendant is currently in the custody of the DOC, where there are no facilities and professional staff to administer a rehabilitative mental health program. Both the Defendant and the DOC are concerned that the absence of facilities may infringe the Defendant's Eighth Amendment right against cruel and unusual punishment. *See* DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189; 109 S.Ct. 998; 103 L.Ed.2d 249 (1989). In an abundance of caution, and given the fact that the Government failed to comply with the Court's order to assist this Court in making an informed decision based upon the rule of law and the legal analysis supporting their legal posture on this issue, the Court is devoid of any legal authority to displace the custody of the Defendant pursuant to 9 GCA § 7.43(d), (e) and (f). This Court therefore must uphold the law under the provisions of 9 GCA § 7.43(d) and affirm the initial order committing the Defendant to the custody, care and treatment of the DMHSA. Until such time that a certification of competency is made by the DMHSA, the law mandates that the Defendant be under the custody, care and treatment of the DMHSA given the psychological evaluation report that there is a substantial likelihood that the Defendant will regain competency in the foreseeable future. *See* 9 GCA § 7.43(d). For these reasons, the Defendant shall be transferred back to the custody

of the DMHSA for competency restoration treatment until a determination of competence or unlikely recovery is made pursuant to 9 GCA § 7.43(e) and (f).

If the DMHSA experiences further problems with their ability to restrain the Defendant's behavior, this Court will give deference to the exercise of their discretion to contact the police for the protection of its staff as well as to promote public safety and order.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's *Ex Parte* Motion to Return to the Department of Mental Health and Substance Abuse is hereby GRANTED.

**SO ORDERED** this /5ᵗʰ day of May, 2009.

Original Signed By:
~~HON. STEVEN S. UNPINGCO~~

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAY 15 2009

Evelyn R. Borja
Deputy Clerk Superior Court of Guam